IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

J<small>EREEN</small> T<small>HOMPSON</small>, J<small>R</small>.                                                                                P<small>LAINTIFF</small>

VS.                                       C<small>IVIL</small> N<small>O</small>. 06-2021

J<small>O</small> A<small>NNE</small> B. B<small>ARNHART</small>,
C<small>OMMISSIONER</small>, S<small>OCIAL</small> S<small>ECURITY</small> A<small>DMINISTRATION</small>                    D<small>EFENDANT</small>

## MEMORANDUM OPINION

Jereen Thompson, Jr. (hereinafter "plaintiff") brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on October 8, 2003, alleging an onset date of October 21, 2003, due to back and neck pain, headaches, and depression. (Tr. 22-25, 107, 113, 143-145). An administrative hearing was held on September 7, 2004. (Tr. 133-150). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was forty-two years old, and possessed a high school education. (Tr. 14). He had past relevant work ("PRW"), as a general laborer, delivery driver, stock clerk in a grocery store, and linesman for an auto cleaning business. (Tr. 14).

On August 15, 2005, the ALJ issued a written decision finding that plaintiff did not suffer from a severe impairment. On June 22, 2005, the Appeals Council declined to review this decision. (Tr. 4-6). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs and the case is now ready for decision. (Doc. # 9, 10).

**Discussion:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

A five-part analysis is utilized in social security disability cases. *See e.g., Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). Applying this analysis, the ALJ must determine, sequentially, the following: 1) whether the claimant is employed; 2) whether the claimant has a severe impairment; 3) whether the impairment meets a listed impairment; 4) whether the impairment prevents the claimant from doing past work; and 5) whether the impairment prevents the claimant from doing any other work. *Id*.; *see also* 20 C.F.R. § 404.1520.

If the claimant fails at any step, the ALJ need not continue. "The claimant carries the burden of establishing that [he] is unable to perform [his] past relevant work, i.e., through step four, at which time the burden shifts to the Commissioner to establish that [he] maintains the residual functional

capacity to perform a significant number of jobs within the national economy." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001)(citing *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)).

**Discussion:**

We note that plaintiff filed additional medical evidence with the Appeals Council prior to the issuance of their denial of review in June 2005. When "a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993).

In the present case, plaintiff submitted a mental status evaluation and mental RFC assessment completed by Dr. Douglas Brown on April 22, 2005. (Tr. 119-123). Dr. Brown noted that plaintiff was anxious, had a flat and blunted affect, was tearful at times, was extremely serious, and exhibited some paranoid mentation. (Tr. 120). He diagnosed plaintiff with major depression and panic disorder with agoraphobia. Dr. Brown then indicated that plaintiff had only a fair ability to relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; understand, remember, and carry out complex job instructions; and, demonstrate reliability. (Tr. 122-123). He also concluded that plaintiff had no ability to behave in an emotionally stable manner or relate predictably in social situations. Because the record contains no other mental evaluations or RFC assessments and

Dr. Brown's report does reveal some level of mental impairment, we believe that this evidence is material. Accordingly, the case should be remanded to the ALJ for consideration of this evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 16th day of October 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE